ALEX GAIZ, PROSECUTOR, v. NEW JERSEY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS ET AL., RESPONDENTS.

Argued January 20, 1931—Decided February 27, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Herman D. Edelson.*

For the respondent, (no brief).

Per Curiam.

This writ has for its purpose the bringing up for review the conviction of the prosecutor for a violation of the act entitled "An act for the prevention of cruelty to animals," approved March 11th, 1880 (*Pamph. L.* 1880, *p.* 212), and its supplements and amendments.

The act complained of occurred in the borough of Franklin Lakes, in Bergen county.

The defendant-prosecutor resided in the borough of Haledon, Passaic county.

The proceeding was initiated by summons returnable before a recorder of the borough of Oakland, in Bergen county.

The proceeding before us is not in the condition it should be, viewed from many standpoints, and for that reason the writ might very properly be dismissed.

There is, however, just a single ground urged which may fairly be said to require the judgment of this court.

That point is that under the statute (*Pamph. L.* 1929, *p.* 312) an amendment to the act for the prevention of cruelty to animals, *supra,* jurisdiction over violations is conferred as follows: That any person who shall violate the statute "shall forfeit and pay such sum not to exceed one hundred dollars, together with costs, as the court shall determine, to be sued for and recovered in an action of debt with costs of suit by any person or persons in the name of the New Jersey Society for the Prevention of Cruelty to Animals, in any criminal District Court of the county where the defendant resides or in which the offense was committed, or, if no such court, before any justice of the peace, recorder or police magistrate of the municipality wherein the defendant resides or where the offense or offenses were committed, or before any District Court in cases where the defendant resides in or where the offense or offenses were committed in any municipality in which there is located a District Court; where the offense or offenses were committed in a municipality having no justice of the peace, recorder, police magistrate or District Court, then such person or persons shall be tried before a justice of the peace, recorder or police

magistrate in the municipality wherein the defendant resides or before any justice of the peace, recorder or police magistrate within the county where the offense or offenses were committed. In cases where the defendant resides in or where the offense or offenses were committed in a municipality in which there is located a District Court, the jurisdiction of such District Court shall not be exclusive but shall be concurrent with the jurisdiction of the recorders or police magistrates of such municipality."

The record before us requires us to take judicial notice of the fact that criminal District Courts exist in Bergen county. *Pamph. L.* 1926, *p.* 337, and *Pamph. L.* 1926, *ch.* 211, *p.* 354.

That being the situation, the respondent, recorder of the borough of Oakland, before whom the complaint was lodged and who heard the matter was without jurisdiction over the offense under *Pamph. L.* 1929, *p.* 312, *supra,* and such proceedings were therefore without legal justification and ineffective and in the face of proper objection thereto by the prosecutor, must be set aside.

The judgment will, therefore, be set aside.